Filed 12/18/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUTH McCLAMMA STUEVE et al., | |
| Plaintiffs and Appellants, | G046253 |
| v. | (Super. Ct. No. 30-2010-00411651) |
| BERGER KAHN, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Nancy Wieben Stock, Judge. Reversed.

Daily Law Group, James D. Daily; Keobopha Keopong; Barnes Law and Robert E. Barnes for Plaintiffs and Appellants.

Gladstone Michel Weisberg Willner & Sloane and Allen L. Michel for Defendant and Respondent.

This is one of three appeals concerning a purported Ponzi scheme set up by Attorneys Raymond A. Novell and Jay Wayne Allen to siphon off the assets of the Stueve family—the "heirs" (in lay terms) to the Alta Dena Dairy fortune (Stueves). This particular appeal challenges the order granting the Civil Code section 1714.10 motion of Attorney Allen's law firm, Berger Kahn, to strike the conspiracy allegations of the Stueves's second amended complaint.[1]

Civil Code section 1714.10 was enacted to combat "the use of frivolous conspiracy claims that were brought as a tactical ploy against attorneys and their clients and that were designed to disrupt the attorney-client relationship. [Citations.]" (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 816.) To achieve this goal, the statute performs a "gatekeeping" function and requires a plaintiff to establish a reasonable probability of prevailing before he or she may pursue a "cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute." (Civ. Code, § 1714.10, subd. (a).) The statute does not impede a plaintiff's pursuit of the type of claims we have here—potentially meritorious claims against a law firm that allegedly conspired to abscond with its clients' assets. We reverse.

I

FACTS

The Stueves filed a 331-page second amended complaint against Attorney Novell, Attorney Allen, Berger Kahn, and dozens of others. The causes of action against Berger Kahn included fraud by intentional misrepresentation, fraud by concealment, negligent misrepresentation, constructive fraud, conversion, breach of fiduciary duty,

---

[1] The related appeals are Case No. G047121, having to do with the demurrer to the second amended complaint, with respect to the claims of the trust and entity Stueves, and Case No. G047382, having to do with the demurrer to the third amended complaint, with respect to the claims of the individual Stueves.

2

professional negligence, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 et seq.), violations of the prudent investor rule, financial elder abuse, and negligent hiring and supervision.

Berger Kahn filed a Civil Code section 1714.10 motion to strike portions of the second amended complaint and demurrers to the second amended complaint. In the motion to strike, Berger Kahn argued that the Stueves had failed to obtain court approval, as required by section 1714.10, to file a complaint alleging that Berger Kahn conspired with its clients.

The court granted Berger Kahn's motion in part, due to the Stueves's failure to comply with Civil Code section 1714.10. It concluded that the exceptions set forth in section 1714.10, subdivision (c) were inapplicable. The court ordered that all conspiracy allegations involving Berger Kahn be stricken.

At the same time, the court sustained, without leave to amend, Berger Kahn's demurrers to the second amended complaint as to the causes of action brought by the trust and entity Stueves, and sustained Berger Kahn's demurrers to the second amended complaint, some with leave to amend and some without, as to the causes of action brought by the individual Stueves. The appeal before us in this Case No. G046253 involves only the ruling on the motion to strike.

II

DISCUSSION

A. *Civil Code Section 1714.10:*

*(1) Introduction—*

The Stueves argue that the court erred in its ruling because Civil Code section 1714.10[2] is inapplicable. "We review the trial court's interpretation of section

---

2    All subsequent statutory references are to the Civil Code unless otherwise specifically stated.

3

1714.10 de novo.  [Citations.]" (*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 207, fn. 12.)

Section 1714.10, subdivision (a) provides in pertinent part:  "No cause of action against an attorney for a civil conspiracy with his or her client *arising from any attempt to contest or compromise a claim or dispute*, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. . . ."  (Italics added.)  Subdivision (b) of that statute states in pertinent part:  "Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. . . ."  (§ 1714.10, subd. (b).)

Subdivision (c) of section 1714.10 provides:  "This section shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain."

*(2) Analysis—*

As is plain from the face of the statute, "[s]ection 1714.10 prohibits the unauthorized filing of an action for nonexempt civil conspiracy against an attorney based on conduct arising from the representation of a client that is in connection with any attempt to contest or compromise a claim or dispute." (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 815.)  "Applying section 1714.10 thus requires the court to initially determine whether the pleading falls either within the coverage of the statute or, instead, within one of its stated exceptions." (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 818.)  Once it is determined that the pleading falls within the coverage of subdivision (a) of the statute,

4

the next step is to ascertain whether the pleaded claims fall within either of the exceptions set forth in subdivision (c) of the statute. (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 824.)

The Stueves argue that the section 1714.10 prefiling requirement is, quite simply, inapplicable, because none of the claims set forth in their second amended complaint fell within the coverage of the statute, inasmuch as none of them arose from an "attempt to contest or compromise a claim or dispute." (§ 1714.10, subd. (a).) Rather, they say, the claims arose from transactional activities—the siphoning off of assets through fraudulent estate planning, including the misappropriation of the Stueves's assets through the diversion of those assets to entities created and controlled by the defendants, including Berger Kahn's other clients.

We must agree that the alleged schemes do not fall within the plain wording of section 1714.10, subdivision (a), which requires court permission to file an attorney-client conspiracy claim "arising from any attempt to contest or compromise a claim or dispute."

Berger Kahn nonetheless characterizes the Stueves's argument concerning the plain language of section 1714.10, subdivision (a) as an argument that the subdivision precludes application of the statute "to conspiracies involving anything other than litigated claims." It also says the Stueves did not raise this argument in the trial court and, thus, cannot raise it now.

We disagree on several levels. First, the Stueves's argument is very simply that the conspiracy allegations of the second amended complaint "did not implicate Civil Code section 1714.10 because [the] claims [did] not arise from any 'attempt to contest or compromise a claim or dispute.'" Their argument is centered around the plain wording of the statute, nothing more.

Second, the Stueves clearly raised this argument in their opposition to Berger Kahn's motion to strike. It is not new on appeal.

5

Third, what the Stueves have done in their opening brief is cite a case that they also cited in their opposition to Berger Kahn's motion to strike—*Favila v. Katten Muchin Rosenman LLP*, *supra*, 188 Cal.App.4th 189. In their opening brief, they simply quote a different sentence from that case than they did in their opposition. On appeal, they make reference to the language in *Favila* wherein the court quoted the phrase from section 1714.10, subdivision (a) concerning a conspiracy "'arising from any attempt to contest or compromise a claim'" and went on to state: "This phrase suggests section 1714.10, subdivision (a)'s pleading hurdle applies only to situations in which the alleged conspiracy arose from the attorney's representation of his or her client in a previous or current legal dispute or litigation with the plaintiff." (*Favila v. Katten Muchin Rosenman LLP*, *supra*, 188 Cal.App.4th at p. 209 & fn. 16.) While this language may be inconvenient to Berger Kahn, the Stueves do not violate any rules of appellate procedure by quoting it.

Continuing on, Berger Kahn maintains that section 1714.10 has been employed to block claims in many situations outside of the context of litigation or contested claims. However, the cases it cites do not convince us that case law has abrogated the language of subdivision (a) of the statute. Rather, we construe a statute so as to give meaning to all its parts. (*Schubert v. Reynolds* (2002) 95 Cal.App.4th 100, 105.)

In some of the cases Berger Kahn cites, the courts addressed only section 1714.10, subdivision (c), not subdivision (a), based on the way the parties framed the issues, or for apparent ease of analysis. (See, *Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 396 [attorney argued § 1714.10, subd. (c) exception was inapplicable and court responded exception applied, so prefiling requirements did not]; *Panoutsopoulos v. Chambliss* (2007) 157 Cal.App.4th 297, 301, 303-306 [trial court granted plaintiff tenants' petition to join as defendants attorneys who represented landlord in prelitigation disputes; following *Pavicich*, appellate court proceeded directly to analysis of § 1714.10,

subd. (c) exception without analysis of subd. (a)].)  But as we know, ""[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" [Citations.]"  (*California Eye Institute v. Superior Court* (1989) 215 Cal.App.3d 1477, 1482; see also *People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)  Neither *Pavicich* nor *Panoutsopoulos* shows that subdivision (a) is irrelevant or has been excised from the statute.

Berger Kahn also cites two cases in which the courts addressed section 1714.10, subdivision (c) at length, following only a minimal discussion of subdivision (a).  In those cases, there was no need for an in-depth analysis of subdivision (a), because it was readily apparent that the alleged conspiracies did indeed arise from an "attempt to contest or compromise a claim."  (See, *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at pp. 811-814, 824 [lawyers representing assignee for benefit of creditors contested the claim of plaintiff creditor in bankruptcy proceedings]; *Evans v. Pillsbury, Madison & Sutro* (1998) 65 Cal.App.4th 599, 604 [in investor dispute, law firm sued investors "to coerce them into abandoning their rights"].)

Inasmuch as we have determined that section 1714.10 is inapplicable, given the plain wording of subdivision (a) thereof, we need not also address whether any of the exceptions of subdivision (c) apply.

*B.  Other Issues:*

Furthermore, given that section 1714.10 is inapplicable, we also need not address the Stueves's arguments that the statute is unconstitutional and conflicts with the provisions of RICO.  Berger Kahn entreats us to address RICO anyway.  It says that by the time the second amended complaint was filed, the Stueves had consolidated all of their conspiracy allegations into the RICO cause of action and that they had failed to state a viable RICO claim in any event.  To the contrary, we observe that the second amended

7

complaint was, in essence, riddled with conspiracy allegations throughout and that many causes of action were based upon a purported joint plan concocted by Attorneys Novell and Allen and effectuated with the assistance of Berger Kahn. Ordering the Stueves to eliminate all conspiracy allegations undermined not only the RICO cause of action, but all other causes of action based upon the theory that Attorneys Novell and Allen had conspired together to effectuate the various wrongs.

Finally, we note that Berger Kahn contends any error in the granting of its motion to strike was not prejudicial, and thus did not warrant reversal, because the court sustained without leave to amend the demurrer to the second amended complaint, with respect to the claims of the trust and entity Stueves, and also the demurrer to the third amended complaint of the individual Stueves. However, in our opinions in Case Nos. G047121 and G047382, we reverse the orders sustaining the demurrers and the related judgments of dismissal. Consequently, we cannot say that the ruling on the motion to strike was not prejudicial.

III

DISPOSITION

The order on the motion to strike is reversed. The Stueves shall recover their costs on appeal.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.

8