Filed 11/30/15  McKee v. Bright & Powell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JONATHAN MCKEE,<br><br> Plaintiff and Appellant,<br><br>v.<br><br>BRIGHT & POWELL et al.,<br><br> Defendant and Respondent. | 2d Civil No. B261901<br>(Super. Ct. No. 1467044)<br>(Santa Barbara County) |

        Jonathan McKee is suing his ex-landlord for damages and appeals from an order denying him leave to add an attorney-client civil conspiracy claim against the landlord's attorney, respondents Bright & Powell and Gary M. Bright.  (Civ. Code, § 1714.10, subds. (a) & (d).)[1]  Appellant contends that respondents conspired with their client  to wrongfully evict appellant after he complained about bedbugs in his rental unit.  The trial court found that the conspiracy claim was barred by the litigation privilege (§ 47, subd. (b)) and there was no reasonable probability that appellant would prevail on the claim as required by section 1714.10, subdivision (a).)   We affirm.

---

[1] All statutory references are to the Civil Code unless otherwise stated.

*Facts and Procedural History*

Bernard Jones and Judith Jones own a condominium at 5985 Hickory Street, Carpinteria and rented the property to appellant in December 2013. Jones decided to terminate the tenancy after appellant was late on his rent and failed to sign the lease agreement. Jones retained respondents/attorneys to serve a 30-day notice of termination and bring an unlawful detainer action.[2] (Santa Barbara Super. Ct., Case No. 1467510.)

On May 9, 2014, a month before the unlawful detainer complaint was filed, appellant sued Jones and respondents for promissory estoppel, infliction of emotional distress, civil conspiracy, breach of implied warrant of habitability, and injunctive relief. The complaint alleged that respondents conspired with Jones to evict appellant after appellant complained about bedbugs and insect bites. On July 14, 2014, the trial court sustained, without leave to amend, respondents' demurrer to the conspiracy cause of action (third cause of action) on the ground that appellant had not complied with section 1714.10 and obtained a pre-filing order to sue for civil conspiracy. (See § 1714.10, subd. (b) [failure to obtain such an order may be raised by demurrer or motion to strike]; *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 816.)

After the trial court sustained the demurrer without leave to amend *as to all parties*, appellant filed a first amended complaint for breach of contract, intentional infliction of emotional distress, and breach of implied warranty of habitability. On August 4, 2014, the trial court granted respondents' special motion to strike (Code Civ. Proc., § 425.16) on the ground that the first amended complaint was barred by the litigation privilege. (§ 47, subd. (b).)

---

[2] The unlawful detainer action (Santa Barbara County Super. Ct., Case No. 1467510) was initiated on June 12, 2014 and dismissed on July 21, 2014 after appellant vacated the property.

Four months later, appellant petitioned for leave to reinstate the civil conspiracy claim previously dismissed on demurrer. The trial court denied the petition on the ground that the civil conspiracy claim was barred by the litigation privilege.

*Discussion*

Section 1714.10, subdivision (a) provides that a plaintiff must demonstrate a reasonable probability of prevailing before pursuing a cause of action against an attorney for attorney-client conspiracy. (*Stueve v. Berger Kahn* (2013) 222 Cal.App.4th 327, 329.) The prefiling requirement is designed to combat the use of frivolous conspiracy claims, typically brought as a tactical ploy to disrupt the attorney-client relationship. (*Ibid.*) The plaintiff must state a viable cause of action and present competent, admissible evidence to establish the elements of the civil conspiracy claim. (§ 1714.10, subd. (a); *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc., supra,* 131 Cal.App.4th at p. 817.)

Appellant claims that respondents conspired with their clients to wrongfully serve 30-day termination notices and file the unlawful detainer action. The trial court correctly ruled that the alleged conduct was protected by the litigation privilege which is codified at section 47, subdivision (b) and provides that a "publication or broadcast" made as part of a "judicial proceeding" is privileged. The privilege is absolute and applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that has some connection or logical relation to the action. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.)

The litigation privilege applies to unlawful detainer proceedings. (See Friedman et al., Cal. Practice Guide, Landlord-Tenant (The Rutter Group 2015) [¶] 1:244.2c, p. 1-84.) In *Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467, a subtenant sued for retaliatory eviction and wrongful eviction after the landlord brought an action to evict the subtenant. The Court of Appeal held that the three-day notice to quit and unlawful detainer complaint fell within the litigation privilege and that the subtenant could not establish a probability of success on the merits. (*Id.*, at p. 1491.)

3

The same principle applies here. Although appellant claims that the 30-day termination notices and unlawful detainer action were retaliatory, respondents' conduct in representing Jones clearly falls within the litigation privilege. Appellant makes no showing that the privilege does not apply or that he has a reasonable probability of prevailing on an attorney-client conspiracy claim. (§ 1714.10, subd. (a).) "As a practical matter, no conspiracy claim lies against an attorney *acting solely on behalf* of the client. (Weil & Brown, Cal. Practice Guide Civil Procedure Before Trial (The Rutter Group 2015) [¶] 6:357:20 , p. 112; *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc., supra,* 131 Cal.App.4th at pp. 817-818 [discussing agent immunity rule].)

Appellant's reliance on *Banuelos v. LA Investment, LLC* (2013) 219 Cal.App.4th 323 is misplaced. There, the court held that the litigation privilege did not bar an action for retaliatory eviction against the landlord under section 1942.5. "Subdivision (c) of section 1942.5 specifically makes it 'unlawful' for a lessor to 'bring an action to recover possession' in retaliation for a tenant's exercise of 'rights under the law.'" (*Id.*, at p. 332.) The statute applies to lessors and their agents, but not a lessor's attorney. (§ 1942.5, subd. (f).)[3] Appellant cites no authority that respondents owed or breached a duty of care while representing Jones. And no facts are alleged that respondents' "acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain." (§ 1714.10, subd. (c)(2); *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc., supra,* 131 Cal.App.4th at p. 818 [discussing exceptions to agent immunity rule].) "If the plaintiff seeks to assert a conspiracy claim against an attorney based on the violation of a duty owed by the client, but not the attorney, and the attorney was acting within the scope of his or her professional responsibilities, the claim has no merit." (*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 209.)

---

[3] Section 1942.5, subdivision (f) provides that a lessor or agent of a lessor who violates the statute is liable for actual damages and punitive damages. Appellant cites no authority that section 1942.5 applies to an attorney who was retained by the lessor to bring an unlawful detainer proceeding.

4

Appellant asserts that "insertion of the conspiracy cause of action . . . provides for judicial expediency and clarity for the jury." The argument rings hollow given the procedural posture of the case. The litigation privilege has been the subject of a demurrer, a special motion to strike, and the section 1714.10 petition to reinstate the civil conspiracy claim. "Somewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613.) The litigation privilege is absolute and "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, *even though the publication is made outside the courtroom and no function of the court or its officers is involved*. [Citations.]" (*Moore v. Conliffe* (1994) 7 Cal.4th 634. 641.)

*Conclusion*

Section 1714.10 is a "gatekeeping" statute designed to weed out frivolous conspiracy claims that are tactically brought to disrupt the attorney-client relationship. (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc., supra,* 131 Cal.App.4th at pp. 816-817.) That is the case here. The trial court did not err in ruling there is no reasonable probability that appellant would succeed on the attorney-client civil conspiracy claim. (§ 1714.10, subd. (a).)

The judgment (order denying petition to assert a civil conspiracy claim) is affirmed. Respondents are awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:



GILBERT, P.J.



PERREN, J.

5

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Jonathan McKee, in pro per, Appellant.


Gary M. Bright, Kevin Mauseth; Bright & Powell, for Respondents.