Filed 5/23/16  P. ex rel. Fire Ins. Exchange v. Amidon CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ex rel. FIRE INSURANCE EXCHANGE, et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>ROBERT B. AMIDON et al.,<br><br>Defendants and Appellants. | B258556<br><br>(Los Angeles County Super. Ct. No. BC444827) |

APPEAL from orders of the Superior Court of Los Angeles County, William Highberger, Judge.  Affirmed.

Robert B. Amidon, A Law Corporation and Robert B. Amidon, in pro. per., for Defendant and Appellant Robert B. Amidon.

Myers, Widders, Gibson, Jones & Feingold and Dennis Neil Jones for Defendant and Appellant Robert B. Amidon, A Law Corporation.

Manning & Kass, Ellrod, Ramirez, Trester, Dennis B. Kass and Scott Wm. Davenport for Plaintiffs and Respondents.

In this insurance fraud action, respondents Fire Insurance Exchange and Mid-Century Insurance Company (collectively, Farmers)[1] allege that attorney Robert Amidon and his law corporation (collectively, Amidon) and others solicited Farmers' insureds to submit inflated and/or sham "smoke and ash" claims to Farmers following wildfires in 2007, 2008, and 2009. Amidon demurred and moved to strike the complaint on a variety of grounds, including that Farmers failed to comply with the prefiling requirements of Civil Code section 1714.10 (section 1714.10). Section 1714.10 requires a party to seek court permission before filing a cause of action "against an attorney for civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client." (§ 1714.10, subd. (a).)

The trial court overruled the demurrers and denied the motions to strike, and Amidon appealed. We affirm.

Although interlocutory orders generally are not appealable, 1714.10, subdivision (d) provides that an order made under section 1714.10 "shall be appealable as a final judgment in a civil action." As a result, the orders overruling the demurrers and denying the motions to strike are appealable insofar as they raise matters related to section 1714.10.

On the merits, the trial court properly concluded that the complaint is not subject to section 1714.10 because its allegations bring it within the terms of the statutory exceptions of section 1714.10, subdivision (c). Accordingly, the prefiling requirements of section 1714.10, subdivision (a) did not apply, and the trial court did not err in overruling the demurrers and denying the motions to strike on that ground.

---

[1] Fire Insurance Exchange and Mid Century Insurance Company are wholly owned subsidiaries of Farmers Insurance Exchange. We therefore refer to them collectively as "Farmers."

2

# FACTUAL AND PROCEDURAL BACKGROUND

## I.

### The Insurance Fraud Complaint

Farmers filed this action on September 2, 2010, and filed the operative first amended complaint (complaint) on October 12, 2010. The complaint alleges that Amidon and others engaged in an insurance fraud scheme in the wake of wildfires in 2007, 2008, and 2009. Specifically, Amidon and others agreed that Glenn Sims and his company, GC Consulting (GCC), would "locate and sign up Farmers['] insureds to retain [Amidon] to submit 'smoke and ash' claims to Farmers." Sims "commissioned padded repair and restoration estimates," which were submitted to Farmers through Amidon. Amidon "knew that GCC and Sims obtained clients for [Amidon] through an unlawful capping scheme[2]" and that Sims "had a practice of preparing inflated and outright sham repair and restoration estimates, which [Amidon] would then submit to Farmers for payment." Amidon, Sims, and the insureds then split the insurance proceeds. By such conduct, Amidon and others "knowingly present[ed] or caus[ed] to be presented false and fraudulent insurance claims for repayment of alleged fire and ash damage as covered under the applicable Farmers policies." Plaintiffs alleged this conduct gave rise to two causes of action against Amidon for violation of the Insurance Fraud Prevention Act, Insurance Code section 1871.7.[3]

---

**2**    The complaint alleges that "capping" is the "unlawful solicitation of insurance claims."

**3**    The complaint also alleged three causes of action against Amidon for unfair business practices in violation of Business and Professions Code section 17200 et seq., and causes of action against Glenn Sims, GCC, and attorney Neil Anapol, among others. Farmers voluntarily dismissed the section 17200 claims on June 9, 2014. Sims and the other defendants are not parties to this appeal.

## II.

### Amidon's Demurrers and Motions to Strike

Amidon demurred to the complaint. He urged that Farmers failed to obtain court permission to file the complaint as required by section 1714.10, subdivision (a); the fraud causes of action were not pled with the requisite particularity; the complaint did not adequately plead a fiduciary relationship, reliance, or damages; and the 2007 and 2008 claims were barred by the statute of limitations.

Amidon also moved to strike portions of the complaint. He urged, among other things, that the request for attorney fees was unauthorized by statute; the conspiracy allegations should be stricken because "several defendants cannot conspire as a matter of law with the companies named in the complaint;" Farmers failed to obtain court permission to file the complaint as required by section 1714.10, subdivision (a); the complaint "impairs the contractual obligations between the policyholder and the insurer;" Farmers failed to file the complaint under seal; the complaint did not adequately plead a fiduciary relationship, reliance, or damages; Farmers was not an "original source" within the meaning of Insurance Code, section 1871.7, subdivision (h)(2); and the 2007 and 2008 claims were barred by the statute of limitations.

On July 3, 2014, the court overruled the demurrers and denied Amidon's motions to strike "for reasons cited in Opposition."

On August 22, 2014, Amidon filed a notice of appeal from the "judgment or order in this case" entered on July 3, 2014. In a subsequent filing in this court, Amidon represented that he was appealing the order overruling the demurrers and denying the motions to strike.[4]

---

[4]    On March 8, 2016, pursuant to Government Code section 68081, we asked the parties to submit supplemental letter briefs on the following issues:

(1)    Is Civil Code section 1714.10, subdivision (d), the sole statutory basis for appeal of these orders? If not, what additional statutory grounds for appeal exist, and how do they apply in the present case?

4

## DISCUSSION

## I.

## Appealability

We begin with the issue of appealability. Ordinarily, an order overruling a demurrer is not directly appealable, but may be reviewed only by petition for writ of mandate or after entry of a final judgment. (*Audio Visual Services Group, Inc. v. Superior Court* (2015) 233 Cal.App.4th 481, 488; *Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 182.) The same is true of an order denying a motion to strike: " ' "Generally speaking, under the one final judgment rule, interlocutory or interim orders are not appealable, but are only 'reviewable on appeal' from the final judgment." [Citations.] " 'The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case. " ' [Citation.]" (*Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 821-822.)

---

(2) What is the scope of appellate review under Civil Code section 1714.10, subdivision (d)? Specifically, may the Court review all matters raised in the demurrers and motions to strike, or is its review limited to "*issues related to* section 1714.10" (*Evans v. Pillsbury, Madison & Sutro* (1998) 65 Cal.App.4th 599, 604, fn. 4, italics added) (See also *Klotz v. Milbank, Tweed, Hadley & McCloy* (2015) 238 Cal.App.4th 1339, 1349 (*Klotz*) [when an appeal based on section 1714.10, subdivision (d) follows an order overruling a demurrer, "our review is limited to whether the trial court properly denied defendants' demurrer to plaintiffs' causes on the basis that such claims asserted claims for conspiracy between an attorney and the attorney's client"]; *Rickley v. Goodfriend* (2013) 212 Cal.App.4th 1136, 1148, fn. 1 [defendants' pleading challenge was cognizable on appeal pursuant to section 1714.10, subdivision (d) to the extent it challenged plaintiffs' conspiracy claims, but defendants "cannot challenge that portion of the order permitting plaintiffs to add . . . new causes of action [for breach of fiduciary duty, negligence, and accounting."].)

We received supplemental letter briefs from both parties on these issues and have considered them in connection with this opinion. We have also considered the numerous letter briefs filed by the parties on other issues during the pendency of this appeal.

Notwithstanding these general principles of appealability, Amidon contends the orders overruling the demurrers and denying the motions to strike are appealable pursuant to section 1714.10, which provides:[5]

"(a)  No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action.  The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. . . .

"(b)  Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof.  The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate.  Failure to timely raise the defense shall constitute a waiver thereof.

---

[5]  Amidon also contends that the orders are appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(6), which he describes as applying to "the dissolving of an injunction (mandatory stay) pursuant to the rule of exclusive concurrent jurisdiction."  Although Amidon is correct that an order "granting or dissolving an injunction" is appealable, we are not aware that the trial court has granted or dissolved any injunction in this case—and in any event, Amidon repeatedly has represented to the court that this appeal is limited to the order overruling the demurrers and denying the motions to strike, to which section 904.1, subdivision (a)(6) manifestly does not apply. We similarly reject Amidon's contention that the orders are appealable because "[s]ubject matter jurisdiction may be raised for the first time on appeal."  Although Amidon is correct that subject matter jurisdiction may be raised for the first time on appeal, the alleged absence of subject matter jurisdiction does not render an order appealable.  The existence or nonexistence of subject matter jurisdiction may be considered by a reviewing court only in the context of an appealable order or judgment.

6

"(c)     This section shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain.

"(d) This section establishes a special proceeding of a civil nature. *Any order made under subdivision (a), (b), or (c) which determines the rights of a petitioner or an attorney against whom a pleading has been or is proposed to be filed, shall be appealable as a final judgment in a civil action*." (Italics added.)

We find that the trial court's orders overruling Amidon's demurrers and denying his motions to strike based on section 1714.10 are appealable. As the quotation above indicates, section 1714.10, subdivision (d) permits a direct appeal from "[*a*]*ny order made under subdivision (a), (b), or (c) which determines the rights of a petitioner or an attorney against whom a pleading has been or is proposed to be filed*." (Italics added.) Courts have applied this broad language to find a variety of orders raising section 1714.10 issues appealable, including orders on demurrers and motions to strike. (E.g., *Klotz*, *supra*, 238 Cal.App.4th at pp. 1348-1349 ["defendants may appeal the trial court's order on their demurrer finding that plaintiffs need not comply with section 1714.10"]; *Evans v. Pillsbury, Madison & Sutro*, *supra*, 65 Cal.App.4th at p. 602 ["Appeal [from order on demurrer] is authorized . . . because the cause of action alleged a civil conspiracy among [attorneys and clients] and is therefore governed by section 1714.10."]; *Stueve v. Berger Kahn* (2013) 222 Cal.App.4th 327 [order on motion to strike]; see also *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 818-819 [order on amended pleading]; *Rickley v. Goodfriend*, *supra*, 212 Cal.App.4th at pp. 1148-1149, fn. 1 [same].) Thus, Amidon may appeal the trial court's orders on the demurrers and motions to strike.[6]

---

[6]     Farmers urges that section 1714.10, subdivision (d) is inapplicable to this case because "a plain reading of the First Amended Complaint demonstrates that [Farmers has] not alleged a cause of action for civil conspiracy, in general, or any conspiracy with

Our conclusion that the orders are appealable does not mean that the scope of our review necessarily extends to all issues raised in the demurrers and motions to dismiss, as Amidon contends. Instead, the scope of our review is limited to matters *related to section 1714.10.* As the court explained in *Klotz*, *supra*, 238 Cal.App.4th at p. 1349, when an appeal follows an order overruling a demurrer, "our review is limited to whether the trial court properly [overruled] defendants' demurrer to plaintiffs' causes on the basis that such claims asserted claims for conspiracy between an attorney and the attorney's client." Other issues raised in the trial court on demurrer are not cognizable on appeal because "an order overruling a demurrer . . . does not constitute an appealable order." (*Id.* at p. 1349; see also *Rickley v. Goodfriend*, *supra*, 212 Cal.App.4th at p. 1148, fn. 1 [defendants' pleading challenge was cognizable to the extent it challenged plaintiffs' conspiracy claims pursuant to section 1714.10, but defendants "cannot challenge that portion of the order permitting plaintiffs to add . . . new causes of action [for breach of fiduciary duty, negligence, and accounting]."]; *Evans v. Pillsbury, Madison & Sutro*, *supra*, 65 Cal.App.4th at p. 604, fn. 4 ["subdivision (d) does not authorize review of matters apart from issues related to section 1714.10."].)

Guided by the above, we conclude that the scope of our review is limited to whether any of plaintiffs' causes of action alleges a claim described by section 1714.10. We therefore do not address the myriad other issues Amidon attempts to raise on appeal.[7]

---

a client, in particular. . . . Given that no cause of action for civil conspiracy exists, Civil Code § 1714.10 is inapplicable and there is no basis for appellate jurisdiction." This contention goes to the merits of the section 1714.10 motions—i.e., whether Farmers was required to seek court permission to file its complaint pursuant to section 1714.10—not to the appealability of the resulting orders.

[7] For the same reasons, we also deny Amidon's motions for summary reversal (filed September 22, 2015 and October 8, 2015) and application for issuance of limited remittitur and remand (filed October 15, 2015).

## II.

## The Complaint Does Not Allege Claims
## Described By Section 1714.10

A.      *Overview and Standard of Review*

"As is plain from the face of the statute, '[s]ection 1714.10 prohibits the unauthorized filing of an action for . . . civil conspiracy against an attorney based on conduct arising from the representation of a client that is in connection with any attempt to contest or compromise a claim or dispute.' (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 815.) 'Applying section 1714.10 thus requires the court to initially determine whether the pleading falls either within the coverage of the statute or, instead, within one of its stated exceptions.' (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 818.) Once it is determined that the pleading falls within the coverage of subdivision (a) of section 1714.10, the next step is to ascertain whether the pleaded claims fall within either of the exceptions set forth in subdivision (c) of the statute. (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 824.)" (*Stueve v. Berger Kahn*, *supra*, 222 Cal.App.4th at p. 331.)

"The Legislature originally enacted section 1714.10 in 1988 in response to *Wolfrich Corp. v. United Services Automobile Assn.* (1983) 149 Cal.App.3d 1206 (*Wolfrich*), in which the Court of Appeal had held that although attorneys representing an insurance company, who were not themselves engaged in the business of insurance, could not be sued for violating Insurance Code section 790.03, subdivision (h)(5)[8], they could be liable for *conspiring* with their client to do so. (*Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 390 (*Pavicich*).) The legislative impetus for the enactment was

---

[8]      Insurance Code section 790.03 defines "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance" to include the following: "(h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices: . . . (5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

9

concern about the use of frivolous conspiracy claims that were brought as a tactical ploy against attorneys and their clients and that were designed to disrupt the attorney-client relationship. . . ." (*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 816.)  Subsequently, the statute was amended to limit the section's application to attorney-client conspiracy actions that arise from any attempt to contest or compromise a claim or dispute.  (*Ibid.*)

We review the complaint de novo to determine whether any allegations are within the plain language of section 1714.10.  (*Klotz*, *supra*, *supra*, 238 Cal.App.4th at p. 1349; *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, *supra*, 131 Cal.App.4th at p. 822.)

B. *The Complaint Alleges Conduct Within the Statutory Exceptions of Subdivision (c)*

As noted, section 1714.10 applies to causes of action "against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client." (§ 1714.10, subd. (a).)  It is not entirely clear from the face of the complaint whether Farmers alleges Amidon's clients (i.e., Farmers' insureds) were complicit in the alleged fraud scheme or, instead, were innocent pawns in that scheme.  However, we need not decide whether the allegations of the complaint are within the coverage of subdivision (a) because, in any event, the complaint alleges conduct within the exceptions carved out by subdivision (c).

Section 1714.10, subdivision (c) excludes from the statute's coverage causes of action against an attorney for a civil conspiracy with his or her client if (1) "the attorney has an independent legal duty to the plaintiff," or (2) "the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain."  Both exceptions apply here.

*Independent legal duty*:  "It is well established that an attorney has an independent legal duty to refrain from defrauding nonclients."  (*Rickley v. Goodfriend*, *supra*, 212 Cal.App.4th at p. 1151; *Klotz*, *supra*, 238 Cal.App.4th at p. 1351.)  " ' "Attorneys are

10

expected to stay within the bounds of law in representing their clients and advising about an appropriate course of action." ' " (*Klotz*, *supra*, 238 Cal.App.4th at p. 1351.) Thus, for example, in *Pavicich v. Santucci*, *supra*, 85 Cal.App.4th 382, the Court of Appeal held that an investor's claims against a limited partnership's attorney and principals for conspiring to conceal threats of litigation against the partnership were not subject to section 1714.10 because the attorney had an independent duty to avoid making affirmative misrepresentations to the investor. "This is not a situation where we are required to apply the rule that a 'duty to disclose a material fact normally arises only where there exists a confidential relation between the parties or other special circumstances require disclosure. . . .' (*Cicone v. URS Corp*. (1986) 183 Cal.App.3d 194, 201.) This is because of the principle that 'where one does speak he must speak the whole truth to the end that he does not conceal any facts which materially qualify those stated. [Citation.] One who is asked for or volunteers information must be truthful, and the telling of a half-truth calculated to deceive is fraud.' [Citations.]" (*Pavicich v. Santucci*, *supra*, 85 Cal.App.4th at p. 398.) Accordingly, "[plaintiff's] conspiracy claims against [attorney] meet the requirements of section 1714.10, subdivision (c), and consequently meet the requirements for stating a cause of action against an attorney for conspiring with his or her client." (*Id.* at p. 396.)

The present case is analogous. Amidon had an independent legal duty to Farmers not to commit insurance fraud. The allegations that Amidon conspired to violate that duty bring the complaint within the exception of section 1714.10, subdivision (c)(1).

*Acts beyond the performance of a professional duty to the client for the attorney's financial gain:* The complaint alleges that Amidon knowingly participated in the submission of false and fraudulent claims to Farmers on behalf of his clients. Such alleged activities indisputably go beyond the performance of professional duties owed to a client. We have already concluded that the conduct alleged violated a legal duty to Farmers; further, the complaint alleges that Amidon engaged in such conduct in furtherance of his own "financial gain and/or economic advantage to which [he] would

11

not otherwise have been entitled." These allegations thus bring the complaint within the exception of section 1714.10, subdivision (c)(2).

## DISPOSITION

The July 3, 2014 orders overruling appellants' demurrers on the ground of failing to comply with Civil Code section 1714.10 and denying appellants' motions to strike on that ground are affirmed. Appellants' motions for summary reversal (filed September 22, 2015 and October 8, 2015) and application for issuance of limited remittitur and remand (filed October 15, 2015) are denied. Respondents' request for sanctions is denied. Respondents are awarded their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



ALDRICH, J.



HOGUE, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.